Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of cattle; the punishment, confinement in the penitentiary for two years.

Frank Brown v. State, 72 S.W.(2d) 269, this day delivered, is a companion case. The facts here are the same as those proven upon the trial of Frank Brown. In Brown's Case we held that the trial court committed error in failing to charge on circumstantial evidence. In the present case appellant timely and properly excepted to the charge of the court for its failure to submit an instruction on the subject of circumstantial evidence. The failure of the court to respond to the exception must work a reversal of the judgment.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On State's Motion for Rehearing.

MORROW, Presiding Judge.

In the present appeal, the substance and nature of the criminative evidence is substantially the same as that in the companion case of Frank Brown v. State, 72 S.W.(2d) 269.

In an opinion endeavoring to analyze the evidence as understood by the members of this court, the conclusion has been reached and stated on motion for rehearing that in refusing to instruct the jury upon the law of circumstantial evidence, there was error requiring a reversal of the judgment. The present case is not distinguishable from the Brown Case, supra, for the reason that the court refused to charge the jury on the law of circumstantial evidence.

The motion for rehearing is overruled.

## WYNN v. STATE.
### No. 16898.

Court of Criminal Appeals of Texas.
June 6, 1934.

P. P. Long, of Carthage, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of possessing intoxicating liquor for the purpose of sale, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.